## CHAPMAN

*v.*

## NATALIE ANTHRACITE COAL COMPANY.

---

AFFIDAVITS OF DEFENCE; SEVENTY-THIRD RULE.

1. While great strictness is not required of a defendant in his affidavit of defence under the 73d rule of the Supreme Court of the District, he can not be permitted to evade the rule by making vague and indirect statements in his affidavit, when it is evidently in his power to set forth his defence, if he has one, with the particularity which the rule contemplates.
2. An affidavit of defence considered and *held* insufficient on account of vagueness and indefiniteness.

No. 693. Submitted October 13, 1897. Decided November 1, 1897.

HEARING on an appeal by the defendant from a judgment under the 73d rule of the Supreme Court of the

District of Columbia, for want of a sufficient affidavit of defence. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Percival M. Brown* for the appellant.

*Mr. John C. Fay* and *Mr. Samuel A. Putman* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a judgment of the Supreme Court of the District of Columbia, rendered under the Seventy-third Rule of that court, providing for summary judgments in certain cases upon affidavit.

The appellee, the Natalie Anthracite Coal Company, filed its declaration in two counts—the first for an agreed balance of an account stated, amounting to $106.21, claimed to be due and payable as of the date of January 5, 1897, but to have been settled on December 1, 1896; the second, on an open account for $2,034.89, and including also the claim of the first count, $2,141.10, for which an itemized bill of particulars was subjoined to the declaration. Annexed to the declaration was an affidavit, the sufficiency of which as a ground for summary judgment under the Seventy-third Rule in the absence of a good ground of defence, is not questioned.

The defendant, the appellant, James Edward Chapman, filed six several pleas, all of which amount to the general issue, with a claim of set-off and recoupment; and the pleas were supported by affidavit. The question of controversy is, whether these pleas and the supporting affidavit were sufficient under the requirements of the rule, and entitled the defendant to his trial by jury. Upon motion by the plaintiff for judgment, the court below held that they were not sufficient, and that they set up no good ground of defence, and accordingly gave judgment for the plaintiff. From this judgment the defendant has appealed.

The defendant's first and second pleas are merely the gen-

eral issue in the usual form, and need not here be considered.

The third plea is addressed to the first count of the plaintiff's declaration. It admits that there was an account stated between the parties, but gives the date as of December 20, instead of December 1, 1896, which is unimportant; and alleges that the balance due on this account was only $50.60, instead of $106.21, as claimed by the plaintiff. Whether because the defendant stated the amount correctly, or because the plaintiff acquiesced in the statement in order to end the controversy, it is not important to inquire; but the plaintiff accepted as correct the amount set forth in the plea; and the judgment below, so far as this item was concerned, was based upon the plea. This part of the claim, therefore, for the present purpose at least, is removed from the domain of controversy.

For defence to the residue of the plaintiff's claim, the defendant's remaining pleas set up the fact, that, on June 20, 1896, the parties entered into a verbal contract for the sale by the plaintiff to the defendant of three thousand tons of coal, more or less, which the defendant required in order to enable him to perform a contract between himself and the military authorities of the United States at the arsenal in . the city of Washington, entered into on January 20, 1896; that the coal, which was to be free from slate, bone or other impurities, was to be shipped by the plaintiff within two weeks from the receipt of the defendant's order therefor, which period of two weeks was about the time required by the defendant to load the coal and deliver it at the arsenal; that, in the event of the failure of the plaintiff so to deliver good coal, the defendant reserved the right to annul the contract between himself and the plaintiff and to go into the open market to purchase the coal which he required and to charge the plaintiff with any loss thereby accruing to the defendant; that the plaintiff failed to perform the contract, failed to furnish pure coal, failed to furnish it on time, and

finally failed to furnish it at all; that the defendant was thereupon compelled to go into the open market and to purchase the coal which he required, at a loss to himself of $618.90, which he pleaded as a set-off to the plaintiff's demand; that, on account of the plaintiff's failure to perform its contract, the defendant was compelled to expend a sum of $38.95 for cartage; that there was a shortage of five and one-half tons of coal, for which the plaintiff had agreed to allow to the defendant the sum of $21; that both of these two last mentioned sums, aggregating $59.95, had been agreed by the plaintiff to be allowed as a credit to the defendant; that he pleads this sum also of $59.95 as a set-off to the plaintiff's claim; and finally, that, on account of the plaintiff's failure to deliver the coal promptly, as required, and on account of the bad character of the coal actually delivered, the defendant's business and reputation were damaged and he was placed in danger of being put in the light of a defaulting contractor, whereby he was injured to the extent of three thousand dollars, which he claims to be entitled to recoup from the plaintiff's demand.

Such are, in substance, the statements of the pleas set forth with much verbiage and unnecessary prolixity. The affidavit annexed simply adopts the statements contained in the pleas, and affirms their truth.

The plaintiff moved for judgment on the ground of the alleged insufficiency of the affidavit of defence; and upon that motion the court gave judgment for the plaintiff for the sum of $2,085.49, which was the amount claimed in the declaration, less the difference in the balance of the account stated of December 1 or December 20, 1896, as set forth in the respective claims of the plaintiff and defendant, thereby disallowing all the claims of the defendant's fourth, fifth and sixth pleas. From this judgment the defendant has appealed.

It is very surprising that notwithstanding its great prolixity and numerous repetitions, the affidavit of defence, in

which, of course we consider the pleas to have been incor-
porated, is so greatly deficient in clearness and specific
statement. It gives no data whatever to show when the con-
tract between the defendant and the United States was to
be performed, upon which, as it is alleged, depended to
some extent the performance of the contract between the
plaintiff and the defendant. It gives no data to show the
alleged defaults of the plaintiff—no time, no amount, no
specification of any kind, other than that the defendant was
compelled to go into the open market to purchase coal at a
loss to himself of $618.90. It alleges impurity of the coal
delivered, and that the defendant was at great expense to
remove such impurity; but the amount of expense is no-
where stated. It is simply included in a gross arbitrary
claim of $3,000 for damages to business and reputation—
which, it is very plain, we can not consider in this connec-
tion. While it is proper, as was said in the case of *Bailey*
v. *District of Columbia,* 9 App. D. C. 360, and several other
cases, that great strictness should not be required of a defend-
ant in his affidavit, and that an affidavit will be held suf-
ficient which shows a defence set forth in good faith, yet it
can not be permitted that the defendant should evade the
rule, which was intended to promote the speedy administra-
tion of justice, and should therefore receive a reasonable
construction to effect that purpose, by the interposition of
indirectness and vague statements, when it is evidently in
his power to set forth his defence, if defence he has, with
the particularity which the rule contemplates.

The fair inference from the defendant's statement is that
the contract between him and the United States was to be
performed, and was in fact performed before the beginning
of the winter following the date of that contract (January
20, 1896). This conclusion is likewise justified by usage
and by the requirements of law in regard to governmental
contracts (Rev. Stat., Secs. 3679, 3732), which apparently
would require the contract in question to be performed

during the then current fiscal year; that is, before July 1, 1896. If this be so, and we see no reason to doubt it, it follows necessarily that all grounds of controversy between the parties to this suit with reference to the contract between themselves of June 20, 1896, must have entered into the settlement of their account stated of December 1 or December 20, 1896; and that the defendant's fourth, fifth and sixth pleas are merely a covert attempt to evade the force of that account stated. This we think should not be permitted. If, on the contrary, " the balance of old accounts," conceded to have been a statement of then existing accounts, did not include transactions under the contract of June 20, 1896, it was easy for the defendant so to state, and it was incumbent for him to do so, for he alone brings forward that contract. If the coal delivered by the plaintiff between December 1, 1896, and January 11, 1897, which constitutes the greater part of its claim, and which is specifically set forth in its bill of particulars, and which amounted to about $623\frac{1}{2}$ tons, was delivered under the contract of June 20, 1896, it was easy for the defendant so to say. The fact that he did not say so, and that all the circumstances tend to show the contrary, justifies the inference that this was a new and distinct transaction. But whether it was or not, it is very evident that the defendant's affidavit is wanting in the definiteness and good faith, which should characterize an affidavit of defence. The case is one where every element of defence was clearly known and available to the defendant, if good ground of defence existed.

We think the court below was right in entering judgment for the plaintiff, and we are of opinion that the judgment should be *affirmed with costs. And it is so ordered.*