### RICE AUTO CO., Inc., v. SPILLMAN.

(Court of Appeals of District of Columbia. Submitted January 6, 1922. Decided April 3, 1922.)

No. 3605.

1. **Pleading** ☜155—**Affidavit of defense, not alleging amount of depreciation and use value, in action by infant to recover payment on automobile, is insufficient.**

In an action by an infant to recover payments made by him on an automobile retaken by defendant after sale to plaintiff, an affidavit of defense, charging that the use of the automobile had depreciated its value and that plaintiff had received a large income from the use of the automobile, without alleging the amount either of the depreciation or of the income, is insufficient under the seventy-third rule.

2. **Pleading** ☜155—**Requirements for affidavit of defense must be complied with.**

The requirement of the seventy-third rule that the affidavit of defense, to present a question of fact for a jury, must specifically state in precise and distinct terms the grounds of defense, which must be such as would, if true, be sufficient to defeat the plaintiff's claim, in whole or in part, is plain and definite, and must be complied with, since the purpose of the rule will not be served, if laxity of statement is countenanced where particularity may be employed.

3. **Infants** ☜58(1)—**Payments for automobile may be recovered, subject to set-off for value of use.**

Where an automobile was sold to an infant, who made partial payments on the purchase price, the contract is not executed as to the payments made by the infant, so as to prevent recovery of them by him, but there can be set off against such recovery the value of the use of the automobile while it was in the infant's possession.

Appeal from the Supreme Court of the District of Columbia.

Action by C. Owen Spillman, Jr., an infant, by his next friend, F. T. Gary, against the Rice Auto Company, Inc. Judgment for plaintiff because of the insufficiency of the affidavit of defense, and defendant appeals. Affirmed.

W. C. Balderston, of Washington, D. C., for appellant.
Henry I. Quinn, of Washington, D. C., for appellee.

SMYTH, Chief Justice. Spillman, by his next friend, sued Rice Auto Company, Inc., for $1,535.45, with interest. He filed an affidavit of merit, under the seventy-third rule of the trial court, in which he stated that he, a minor, entered into a contract so far as he was able to do so with the Auto Company for the purchase of an automobile for $2,119.95, for which he was to pay $1,194.95 in partial payments, and deliver to the Auto Company a used automobile, valued by the parties for the purpose of the deal at $925; that he delivered the automobile as agreed, which, according to his information, the Auto Company afterwards sold for $1,125; and that he paid to the Auto Company in cash $410.45. Considering the used automobile as worth $1,125, the sum for which it was sold, he alleged that he had paid to the Auto Company the sum sued for. He further stated that the automobile which he had purchased was not necessary for him; that he renounced

the contract of purchase, and returned to the Auto Company the machine purchased; and that, at the time the suit was instituted, the automobile was in the possession of the Auto Company. The latter pleaded to the declaration, and filed an affidavit of defense. Spillman moved for judgment, on the ground that the affidavit was insufficient. The motion was sustained, and the Auto Company appeals.

The affidavit of defense avers that Spillman, at the time he purchased the machine, was engaged in the business of operating automobiles for hire; that he entered into a written agreement substantially as set forth in the affidavit of merit; that at the time of the purchase Spillman represented that he was the owner of the used car; that he purchased the same for himself, was engaged in the hacking business, and desired a new car for the one he was then using; that the Auto Company had no knowledge at the time that plaintiff was an infant; that he stated in the written agreement that he was not a minor; that he used the new car for about four months; and that, by reason of his failure to make the payments as agreed to, the Auto Company took possession of it, advising him at the same time that the machine would be redelivered to him upon his compliance with the terms of the agreement. The affidavit does not deny that the old car was sold for $1,125, as alleged by the plaintiff, but asserts that he was entitled to a credit of only $925 on its account, and that he had paid in cash $394.95, plus interest upon the deferred payments. It did not, however, give the amount of interest. Further, it is alleged that the Auto Company is ready, and always has been, to turn back to the plaintiff the car which he purchased, upon his paying the amount with respect to which he is in default.

It is further charged in the affidavit:

"That the continued use of the said new model automobile by the plaintiff has caused the present value of said automobile to be much less than when it was obtained from the defendant, and that this affiant is informed and believes, and therefore avers, that the plaintiff has received a large income from the use of said automobile."

It will be observed that the affidavit does not deny the amount of cash which Spillman says he paid to it, nor does it deny that he was a minor at the time he made the agreement. Therefore the single question for our consideration is as to whether or not Spillman, being a minor at that time, is entitled to recover from the Auto Company the amount claimed.

There are 13 assignments of error, but we do not think it necessary to notice them seriatim. Their purport is that, while Spillman may rescind his contract, he should be required to compensate the Auto Company for the use and depreciation of the machine, and account for the proceeds earned by him while using it in his business; further, that the contract, so far as the payments made are concerned, was executed, and hence the payments cannot be recovered.

With the exception of the last point, the Auto Company's contentions are to the effect that Spillman should not be allowed to rescind unless he compensates for the use and alleged depreciation of the new automobile. Assuming, without deciding, that under a proper pleading

this is true, does the Auto Company state in its affidavit a defense on that ground?

[1] The seventy-third rule, which has the effect of law, says that the affidavit, to present a question of fact for a jury, must specifically state, in precise and distinct terms, the grounds of defense, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part. We have copied above the only allegation of the affidavit bearing on this point. It states that the use of the new car caused its present value to be much less than when it was obtained by Spillman, and that he, according to information received, had obtained a large income from its use. But it does not give the amount of the depreciation or of the income. Suppose the jury found the facts to be as alleged, they would not be sufficient to defeat, in whole or in part, the claim of Spillman. To have that effect the amount of the depreciation and of the income, or of one of them, would have to be shown and found. But there was no allegation which would permit such a showing or support such a finding.

[2] What the seventy-third rule requires is very plain and definite, and must be complied with. King v. Curtin, 31 App. D. C. 23; Columbia Laundry Co. v. Ellis, 36 App. D. C. 583; Fowler v. Cotton State Lumber Co., 39 App. D. C. 220. If laxity of statement is countenanced, where particularity may be employed, the purpose of the rule will not be served. The Auto Company could easily have alleged the value of the use or the amount of the depreciation. If it could not have stated it definitely, it could have given it approximately. Without it, Spillman was not advised as to what he would have to meet. We must take the affidavit as it is, and, so taking it, we are forced to the conclusion that it is insufficient in the respect we are considering.

[3] In support of the second point, namely, that the contract, so far as payments made are concerned, must be treated as executed, and therefore the payments cannot be recovered, the Auto Company cites two New York decisions, one from the Court of Appeals, and the other from a court of common pleas. Rice v. Butler, 160 N. Y. 578, 55 N. E. 275, 47 L. R. A. 303, 73 Am. St. Rep. 703; Wheeler & Wilson Manufacturing Co. v. Jacobs, 2 Misc. Rep. 236, 21 N. Y. Supp. 1006. The Wheeler Case seems to sustain the point; but the other case, which was decided some six years later, is not in harmony with it. Since the decision in the latter case is by the highest court of the state, it must be regarded as overruling the Wheeler Case. The Court of Appeals holds that the payments may be set off against the value of the use, and, if they are found to equal it, no recovery can be had. The jury had found in that case that the payments and the value of the use balanced. The case is authority for the proposition that, if the Auto Company, in the instant case, had in its affidavit of defense alleged the value of the use, it could have set it off pro tanto against the payments; but, as we have seen, it did not allege it, and hence the case does not help the Auto Company.

The judgment is affirmed, with costs.

Affirmed.