## CORNWELL v. SOUTHERN MARYLAND TRUST CO.

(Court of Appeals of District of Columbia. Submitted February 13, 1923. Decided June 4, 1923.)

No. 3864.

1. **Pleading ⬅350(3)—Motion for judgment for insufficiency of affidavit of defense is not to be treated as demurrer.**

   A motion for judgment because of the insufficiency of the affidavit of defense, while admitting the averments of the affidavit, should not be treated as a demurrer to the pleading, and the affidavit should not be so strictly construed as to deprive the defendant of making a proper defense; but if it contains a statement of facts sufficient to convince the court of the good faith of the defendant, or that the defense is not frivolous or dilatory, the motion to dismiss should be overruled.

2. **Pleading ⬅34(4)—Ambiguous statements in affidavit of defense are construed against affiant.**

   If defendant in his affidavit of defense chooses to employ doubtful or ambiguous expressions, when unmistakable language was ready at hand, it is fair to assume he did so because he did not dare to use the stronger expressions, and that he used the strongest language the truth would warrant, so that his ambiguous expressions can be construed against him.

3. **Bills and notes ⬅473—Affidavits held not to show note was given in reliance on agreement not to enforce it.**

   Where the original affidavit of defense to a suit on a promissory note merely alleged that more than 22 months before the note was given the payee was pressing a corporation in which defendant was a stockholder on a note given by the corporation, and at that time agreed that the stockholders, if they would give their note, would not be liable thereon to an extent greater than the dividends which they might receive from the bankrupt estate of the corporation on the note held by the payee, which it agreed to transfer to the stockholders, and a supplemental affidavit alleged the execution of the note in suit, but did not expressly allege that it was given in reliance on the agreement theretofore made, the affidavits are insufficient to establish the defense of conditional liability on the note.

4. **Bills and notes ⬅476(1)—Affidavits of defense held not to show want of consideration.**

   Affidavits of defense, from which it appeared that the note in suit was given by the stockholders of a corporation in exchange for a note of the corporation to the payee, but without stating that the surrendered note was the consideration of the note in controversy, or what its consideration was, are insufficient to state the defense of want of consideration.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Bills and notes ⊚⇒92(5)—Note of stockholder in exchange for corporation's note is supported by consideration.**

A note executed by a stockholder in a corporation in exchange for the surrender to him of a note of the corporation to the payee is supported by sufficient consideration, even though the stockholder thereafter realizes nothing on the note of the corporation which he received, since he may have believed that benefit would accrue to him or to the corporation if he controlled the note.

Appeal from the Supreme Court of the District of Columbia.

Action by the Southern Maryland Trust Company against H. King Cornwell. Judgment for plaintiff, and defendant appeals. Affirmed.

Morris Simon and L. Koenigsberger, both of Washington, D. C., for appellant.

Eugene Young and H. W. Wheatley, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. This is an appeal from the judgment of the Supreme Court of the District of Columbia, rendered against appellant because of insufficiency of an affidavit of defense under the seventy-third rule.

The Southern Maryland Trust Company, a corporation, hereinafter referred to as the Trust Company, in its declaration sought to recover the amount, with interest, of a negotiable promissory note dated October 16, 1921, given for the sum of $2,250, payable to the order of the makers three months after date, which was concurrently indorsed and delivered to the Trust Company. The makers of the note were the appellant and three others; the appellant only being sued in this action. The defendant pleaded that he did not promise and was not indebted as set forth in the declaration, and further pleaded the facts set up in his affidavit of defense.

The facts therein alleged, necessary of consideration, are: That on November 30, 1918, defendant was interested as a stockholder in a corporation known as the Bowen-Anchor Company the name of which was later changed to the Morton Steel Casting Company. We shall herein refer to the latter as the Steel Company. That prior to said November certain officers of the Steel Company, without the knowledge or consent of appellant, but acting on behalf of the Steel Company in its name, borrowed from the Trust Company certain moneys for which the note or notes of the Steel Company were given, which note or notes were not indorsed by appellant, nor did he in any wise agree to or become actually liable thereon. We quote the vital part of the affidavit:

"That thereafter, on, to wit, December 18, 1919, said Morton Steel Casting Company became financially embarrassed, and plaintiff represented to defendant that plaintiff was being criticized by the state banking department of the state of Maryland for carrying in its assets said note or notes. Plaintiff further represented to defendant that, unless it were enabled to in some way satisfy said state banking department, it would be required to charge said note or notes off to profit and loss account, and then and there plaintiff requested defendant, together with certain other persons holding stock in said

Morton Steel Casting Company, to give to plaintiff their note covering said indebtedness in substitution of the note or notes of said Morton Steel Casting Company; said plaintiff agreeing that this defendant and other persons, so asked to give said substituted note in the place and stead of said note or notes of said Morton Steel Casting Company, would have no liability to plaintiff thereon beyond the extent to which any distribution of assets might come into their hands by reason of the bankruptcy of said Morton Steel Casting Company and the proving of said note or notes by the defendant in his name at the request of plaintiff. Defendant says there has been no such distribution and will be none, and that by reason of the lending of his name to plaintiff for its accommodation at its request he is not indebted to plaintiff in any sum whatever."

In due course, upon a motion for judgment under the rule, the case came on for hearing, at which time the appellant was advised by the court that judgment would be entered against him, unless a substitute affidavit of defense was filed. Thereupon appellant filed a supplemental affidavit, in which he stated that the agreement and arrangement set out in the first affidavit were made on behalf of the Trust Company by its president, who was actively in charge of the management of its affairs, and further that at the time the note in suit was given the Steel Company was financially embarrassed; that it appeared certain that at the time it would be forced into bankruptcy, and that thereafter in fact it was adjudicated a bankrupt.

Upon consideration of these two affidavits the judgment below was entered, and the question here is: Do they, within the requirements of the seventy-third rule, specifically state in precise and distinct terms the grounds of defense which must, if true, be sufficient to defeat the plaintiff's claim?

[1] We have often held that a motion for judgment on the insufficiency of the affidavit of defense, while admitting the averments of the affidavit, should not be treated as a demurrer to the pleading; that it should not be so strictly construed as to deprive the defendant of making a proper defense; that if it contains a statement of facts sufficient to convince the court of the good faith of the defendant, or that the defense is not frivolous or dilatory, it should be sustained; and that in no case should the construction be so strict or rigid as to embarrass the defendant in making a proper defense. Bailey v. District of Columbia, 4 App. D. C. 356; Dobbins v. Thomas, 26 App. D. C. 157; Codington v. Standard Bank, 40 App. D. C. 409; Hazen v. Van Senden, 43 App. D. C. 161; Dick v. Jullien, 279 Fed. 993, 51 App. D. C. 355.

[2] We have also held that, if the defendant in his affidavit chooses to employ doubtful or ambiguous expressions, when unmistakable language was ready to hand, it is fair to assume that he did so because he did not quite dare to use the stronger expressions; that it must be assumed that he has used the strongest language that the truth would warrant, and that doubtful or ambiguous expressions would be construed against the composer; that it must be assumed that the affidavit was as broad and definite as was possible for the deponent to make, and that the facts stated in the affidavit must be assumed to be true; that if laxity of statement is countenanced in the affidavit, where particularity may be employed, the purpose of the rule will not be served. Mearns v. Harris, 45 App. D. C. 536; Eisinger v. Gill, 47

App. D. C. 312; Woodmen of the World v. Davis, 48 App. D. C. 614; Rice Auto Co. v. Spillman, 280 Fed. 452, 51 App. D. C. 378.

The argument of appellant in this court proceeds upon the theory that the facts alleged in the affidavits of defense show a want of consideration, and also that the note in suit was never in fact delivered as a present contract unconditionally binding upon him according to its terms from the time of delivery, because of the alleged agreement that there should be no liability on the note beyond the amount received from the Steel Company in bankruptcy.

[3] Stripped of superfluous matter, the first affidavit discloses that on November 30, 1918, the Steel Company was indebted to the plaintiff below on a note or notes equal in amount to the note in suit, upon which indebtedness the appellant was not liable, and in which he had no interest, other than as a stockholder in the Steel Company; that more than 12 months later the Steel Company became financially embarrassed, and the plaintiff then tried to get appellant and other Steel Company stockholders to give their note covering and in substitution for the Steel Company's notes, and in that connection agreed that the appellant should incur no liability on the substituted note beyond the dividends in bankruptcy which might later be received from the notes of the Steel Company, which apparently were to be delivered to appellant.

Nothing, however, was done about the matter at that time. The note asked for was not given, and no agreement was then entered into looking to the future execution and delivery of appellant's and others' note in substitution for the notes of the Steel Company. In other words, the whole matter was then dropped, so far as the first affidavit discloses. If at that time the tendered agreement of the Trust Company had been accepted, and a note of appellant and others delivered in consummation thereof, a different case would have been presented.

Almost 22 months thereafter the note in suit was executed and delivered, and we must look to the supplemental affidavit to ascertain the attending circumstances, because the first affidavit is silent on that subject. In the supplemental affidavit it is not alleged that the note was given because of or in reliance on anything that was said or done December 18, 1919, or that at the time the note was given there was any renewal of the representations or agreement made or tendered so long before. If such had been the case, there was apt language at hand to have so stated, and the appellant was charged with the duty of so doing in precise and distinct terms, especially in view of the fact that he had been warned by the court that the first affidavit was deemed insufficient.

It must be presumed, therefore, that he did not make the note under any agreement that he would not be held to pay the same according to its terms, and it must also be presumed that it was delivered as a present contract unconditionally binding upon him, unless impeached for want of consideration.

[4] On that issue, if tendered, nothing appears in either affidavit to support it, other than that at the time appellant's note was given the Steel Company was financially embarrassed; that it then appeared

certain it would be forced into bankruptcy, which later occurred; and that there was no following distribution of its assets which came into the hands of appellant. The affidavits, however, do not state that appellant's note was given in substitution for the note or notes of the Steel Company, or that the same were the consideration thereof, or what its consideration in fact was, or that there was no consideration therefor, some or all of which facts should have been stated, if the defense of want of consideration was intended to be made, concerning which we are in doubt. But, if such was the intent of the affidavits, the facts which are stated therein, if true, do not establish such defense or justify a trial of the issue.

[5] Viewed in the light most favorable to appellant, it would either appear that he gave his note without reference to the Steel Company's affairs, in which event nothing is alleged as to consideration, or that he gave it in substitution; that is, in exchange for the notes of that company. If the latter view be adopted, there was a sufficient consideration for his note. It was not then known, or, if known, was not alleged, that nothing would be received by him on the notes of the Steel Company. He not only may have then expected to receive payments or dividends thereon, or as a stockholder in that company he may well have believed that benefit would accrue to him or to the Steel Company, or both, if he controlled the notes, and it may have been so. At any rate, he evidently was willing to gamble as to that issue, and must abide the result. He cannot, if he lost, repudiate his own liability because he failed to win.

Tested by the provisions of the seventy-third rule, as applied by this court in the cases above referred to and others which are unnecessary to cite, we think the facts alleged in the affidavits of defense, if proven to be true, would not constitute any defense to the note in suit.

The judgment below is affirmed, with costs.