### FIDELITY & DEPOSIT CO. OF MARYLAND v. UNITED STATES, to Use of SMOOT.

(Court of Appeals of District of Columbia. Submitted October 10, 1923. Decided March 3, 1924.)

#### No. 3927.

1. **Pleading**  ⬤⇒160—**Ambiguous statements in affidavit of defense construed against defendant.**

If defendant couched its affidavit of defense in language of doubtful meaning, or evaded the issue tendered by the declaration and the particulars of demand, the affidavit must be construed against defendant, and may be taken as evasive.

2. **Mechanics' liens**  ⬤⇒317—**In action on contractor's bond, affidavit of defense held fatally defective.**

In an action by one furnishing supplies to contractor against surety on contractor's bond, guaranteeing that contractor would pay for all labor and materials used in building a government storehouse, the substituted affidavit of defense, alleging that the government contracts provided

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for structures which were covered by the bond and for structures which were not, and admitting that material for all structures contracted for were purchased from claimant by contractor, *held* fatally defective, and hence authorized the granting of a summary judgment, under rule 73.

Appeal from the Supreme Court of the District of Columbia.

Action by the United States, to the use of Henry C. Louder, against the Faribault Building Corporation and the Fidelity & Deposit Company of Maryland, in which Lewis E. Smoot, by permission of the court, filed an intervening declaration. From a judgment favorable to intervener, the Fidelity & Deposit Company of Maryland appeals. Affirmed.

J. H. Ralston and S. D. Willis, both of Washington, D. C., for appellant.

William G. Henderson, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. This is an appeal from a judgment against the Fidelity & Deposit Company of Maryland on an intervening declaration filed by Lewis E. Smoot by permission of the court in the case of the United States, to the Use of Henry C. Louder, against the Faribault Building Corporation and the Fidelity & Deposit Company of Maryland. In that declaration Smoot alleged that the defendants agreed by their writing obligatory to pay to the plaintiff the sum of $113,025.30, subject to the condition that the obligation would be void and of no effect if the Faribault Building Corporation should well and truly fulfill its contract with the United States *for the construction of a general storehouse, for the building of a covered annex with a crane runway and for the making of certain alterations in navy yard building No. 28 and should promptly pay for all labor and materials supplied to it for the prosecution of the work for which the contract provided.*

It was also alleged in the declaration that the Faribault Building Corporation did not, as required by its contract, make payment for the labor and materials supplied to it, but failed and refused to pay to Lewis E. Smoot, or to any one for him, the whole or any part of the sum of $2,473.54, due to him for labor and gravel furnished by him to the said building corporation for the prosecution of the work specified in said writing obligatory. In an amendment to the intervening declaration it was further alleged that the work contracted for was completed by the building corporation and accepted by the United States, which authorized final settlement with the contractor, but brought no suit in its own behalf.

The Fidelity & Deposit Company pleaded to the declaration and filed with its pleas an affidavit of defense, which was subscribed and sworn to by the *secretary of the Faribault Building Corporation.* That affidavit averred that a *large part* of the materials furnished by Smoot to the Faribault Building Corporation was used on operations other than those alleged in the declaration, and that all of the materials furnished to the Faribault Building Corporation were billed to it by

Smoot without designating the particular work upon which they were used. The affidavit also stated that the Faribault Building Corporation paid on its account large sums of money, and that on July 26, 1919, the corporation had made payments to Smoot of the sum of $1,000, for which credit did not appear in Smoot's statement of his claim. The Fidelity & Deposit Company therefore denied that *all* of the materials set forth in the declaration went into or formed a part of the general storehouse, or of the covered annex with crane runway, or of the alterations to navy yard building No. 28, and denied that it was indebted to Smoot as alleged by him.

On the 11th of September, 1922, Smoot moved that judgment be entered in his favor against the Fidelity & Deposit Company because of the insufficiency of its pleas and affidavit of defense, which motion was set for hearing on September 15, 1922. The bonding company, warned by that motion of the defects in the original affidavit of defense, elected to file a substituted affidavit of defense. When that affidavit was filed, on October 5, 1922, the company was fully informed by Smoot's bill of particulars as to the actual quantities of materials claimed to have been delivered and as to the credits allowed. It knew that the definite quantity of materials purchased for the several operations and the payments made therefor could be ascertained by consulting the officers and books of the Faribault Building Corporation.

[1] Under such circumstances the Fidelity & Deposit Company was specially bound to challenge squarely the statements of Smoot's bill of particulars, and to state precisely and distinctly the grounds of its defense. If it failed to meet its obligation in that behalf, or couched its defense in language of doubtful meaning, or evaded the issue tendered by the declaration and the particulars of demand, the affidavit must be construed against it, and may be taken as evasive. Fowler v. Cotton State Lumber Co., 39 App. D. C. 220, 221, 222; Mearns v. Harris, 45 App. D. C. 536, 539; Eisinger v. Gill, 47 App. D. C. 312, 314; Rice Auto Co. v. Spillman, 51 App. D. C. 378, 280 Fed. 452–454; Cornwell v. Southern Maryland Trust Co., 53 App. D. C. 281, 289 Fed. 939–941.

[2] The substituted affidavit of defense, after admitting the execution of the contract and bond referred to in the declaration, averred in effect that Lewis E. Smoot furnished materials to the Faribault Building Corporation for construction work, which was covered by the bond, and also for building operations, which were not secured thereby. That averment is a clean-cut admission that materials were furnished by Smoot to the Faribault Building Corporation, for which the Fidelity & Deposit Company agreed to pay in case the Faribault Building Corporation failed or refused to make payment therefor. The substituted affidavit of defense does not say that the materials covered by the bond were paid for by the Faribault Building Corporation, or by any one else. The nearest approach to such an allegation is the statement that Smoot rendered monthly bills for *all* materials supplied by him to the building corporation, and that those bills and Smoot's receipts show credits which do not appear on his particulars of demand.

The affidavit does not claim or allege that the Faribault Building Corporation directed Smoot to apply the moneys paid by it to any special account, or as payment for materials purchased by it for any particular structures or alterations. Payments on the monthly bills might therefore be applied by Smoot as he saw fit. Alexandria v. Patten, 4 Cranch, 317, 319, 2 L. Ed. 121. From that it follows that credits shown by Smoot's monthly bills or by Smoot's receipts cannot be regarded as applied to that part of the account which represented materials purchased for constructions or for alterations specified in the bond.

Payments on bills rendered for *all* materials furnished would not necessarily correspond with the credits allowed in the account for *some* of the materials and set out in Smoot's particulars of demand. The statement in the affidavit that the credits on the general account did not correspond with those of the special account cannot be accepted, therefore, as an allegation that the materials covered by the bond were paid for in whole or in part.

Smoot's declaration and bill of particulars specified the quantities of materials furnished to the Faribault Building Corporation for structures and alterations covered by the bond. That such quantities were furnished for such structures and alterations is not controverted, and there is nothing in the affidavit of defense which has even the colorable appearance of a denial, except the averment:

"That the materials referred to in said plaintiff's statement of. its account did not go into and form part of the contract *hereinbefore referred to* on account of which this defendant is obligated as surety." (Italics not quoted.)

Materials can hardly be said to go into or form part of a contract, and the most liberal construction that can be given to the expression is that no materials whatever were furnished by Smoot to the constructions contemplated by the terms and conditions of the bond.

Taking into consideration that the substituted affidavit of defense declares that the government contracts provided for structures which were covered by the bond and for structures which were not, and that the affidavit expressly admits that materials for *all structures contracted for* were purchased from Smoot by the Faribault Building Corporation, we can hardly escape the conclusion that the allegation under consideration, if it can be construed at all, means that materials for all the building operations contracted for were supplied by Smoot, but that payment for all such materials was not secured by the bond. That interpretation is entirely consistent with the substituted affidavit taken as a whole, and the allegation must therefore be regarded as an admission that the materials for which the bonding company obligated itself to pay in case payment thereof was not made by the building corporation were furnished as alleged in the declaration. As the affidavit does not state that those materials were paid for, the liability of the Fidelity & Deposit Company stands admitted.

In an action arising on a contract ,the Seventy-Third rule provides for a summary judgment in favor of the plaintiff on his affidavit, stating distinctly his cause of action and the sums he claims to be due, unless the defendant files with his plea in bar an affidavit of defense

denying the right of the plaintiff as to the *whole* or *some specified* part of his claim, and *specifically* stating in precise and distinct terms the grounds of his defense, which must be such as would be sufficient, if true, to defeat plaintiff's claim in whole or in part. That rule was designed to compel the framing of an issue as to the facts really in dispute, and thereby shorten trials, save the time of the courts, and obviate unnecessary expense to litigants. The rule has the effect of law, and cannot be lightly regarded by appellate tribunals without destroying its usefulness.

The Fidelity & Deposit Company could have readily framed a triable issue of fact by denying that any materials were furnished for the constructions and alterations covered by the bond, or by stating a lesser quantity of materials than that set out in the particulars of demand, or by alleging that all materials furnished had been wholly paid for, or, if not wholly paid for, the amounts actually paid.

The bonding company did not elect to take that course, and, having twice failed to comply with rule 73, we are forced to the conclusion that it could not do so without· disregarding the truth. In our opinion, the affidavit of defense was fatally defective, and the motion for judgment against the defendant was properly granted.

The judgment entered in accordance with that ruling, and. appealed from, must therefore be affirmed, with costs.