## FLATHER v. SCHUERGER.
### No. 6949.

United States Court of Appeals for the
District of Columbia.
Decided April 25, 1938.

Paul E. Lesh and Stanton C. Peelle, Jr., both of Washington, D. C., for appellant.

James B. Flynn and S. J. L'Hommedieu, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

MILLER, Associate Justice.

The parties were formerly husband and wife. Appellee (plaintiff below) sued appellant on an alleged indenture under seal, claiming a balance due thereunder amounting to $2380.00. Appellee, at the time of bringing her action, filed an affidavit of merit, pursuant to the provisions of the 73rd Law Rule of the District Court of the United States for the District of Columbia which rule, so far as applicable, is set out in the margin.[1] Appellant filed an affidavit of defense and thereafter, with leave of the court, filed an amended affidavit of defense, which is set out in full in the margin.[2] Appellee moved the court

[1] "1. SUMMARY JUDGMENT ON AFFIDAVIT.—In any action arising *ex contractu*, if the plaintiff or his agent shall have filed, at the time of bringing his action, an affidavit setting out distinctly his cause of action, and the sum he claims to be due, exclusive of all set-offs and just grounds of defense, and shall have served the defendant with copies of his declaration and of said affidavit, he shall be entitled to a judgment for the amount so claimed, with interest and costs, unless the defendant shall file, along with his plea, if in bar, an affidavit of defense, denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating also, in precise and distinct terms, the grounds of his defense, which must be such as would,

if true, be sufficient to defeat the plaintiff's claim in whole or in part. And where the defendant shall have acknowledged in his affidavit of defense his liability for a part of the plaintiff's claim as aforesaid the plaintiff, if he so elect, may have judgment entered in his favor for the amount so confessed to be due. After taking such final judgment for the amount so confessed, the plaintiff shall have the right to prosecute the remainder of his claim in that suit and (if he sustains his claim for such remainder) to have a further final judgment therefor."

[2] "Bryan S. Flather, being first duly sworn, deposes and says that he is the defendant in the above entitled suit and denies the right of the plaintiff to recover

to enter judgment in her favor on the ground that: ". . . the Affidavit of Defense filed herein fails to state in precise and distinct terms a defense which, if true, would be sufficient to defeat plaintiff's claim." The lower court granted appellee's motion and entered judgment in the full amount prayed for.

We have frequently stated that the purpose of the 73rd Rule is to promote justice by preventing, so far as possible, fictitious defenses. Bulow v. Jenkins, 63 App. D.C. 38, 68 F.2d 783; Codington v. Standard Bank, 40 App.D.C. 409. That purpose cannot be accomplished, or the rule satisfied, by an affidavit consisting entirely of evasive, ambiguous and argumentative language. Cornwell v. Southern Maryland

Trust Co., 53 App.D.C. 281, 283, 289 F. 939, 941; Fidelity & Deposit Co. v. United States to Use of Smoot, 54 App.D.C. 205, 296 F. 952; Rice Auto Co. v. Spillman, 51 App.D.C. 378, 280 F. 452. Neither do intimation and indirection in statement satisfy the requirements of the rule. Whiting v. Davidge, 23 App.D.C. 156, 166; Chapman v. Natalie Anthracite Coal Co., 11 App.D.C. 386.

At no point in appellant's affidavit is there a statement "in precise and distinct terms [of] the grounds of his defense." Giving to him the full benefit of the liberal construction to which he is entitled (Wyatt v. Madden, 59 App.D.C. 38, 32 F.2d 838), it is apparent, upon the face of his affidavit, that there is a fatal non-

---

as claimed in the declaration herein, upon the following grounds: That in the month of January, 1930, defendant had been informed that plaintiff was willing to agree to accept the sum of Forty Dollars ($40.) per month, in semi-monthly installments of Twenty Dollars ($20.) each, in lieu of other provision which he, the defendant, had theretofore been making for the support of the then infant daughter of plaintiff and defendant; for the purpose of making an agreement to this effect, defendant had prepared by his then attorney a typewritten form of simple, unsealed, mutual agreement, and *defendant executed the same, in duplicate,* by signing his name to duplicate original copies thereof, in the month of January, 1930; said form of agreement contemplated execution by the plaintiff and said duplicate copies were sent her for execution; defendant was then informed that plaintiff was not willing to execute said agreement in the form in which it was drawn; defendant, however, beginning with the month of February, 1930, made payments to the plaintiff, semi-monthly, at the rate of Forty Dollars ($40.) per month, as had been contemplated to be fixed by such an agreement; shortly thereafter, in said month of January or February, 1930, defendant caused another form of agreement to be prepared by his then attorney, which form also contemplated execution by both the plaintiff and the defendant, and executed the same, in duplicate, and caused said duplicates to be transmitted to the plaintiff for her execution; when executed by her, one of said duplicates was to be mailed by plaintiff to this defendant, but never has been; defendant has executed no agreement for the payment of money to plaintiff for the support of defendant's infant daughter other than the two agreements above de-

scribed; defendant is now informed and believes that it is the second of said agreements upon which plaintiff founds this suit, and that plaintiff's counsel have in their possession as the agreement sued on one of the duplicate copies signed by this defendant, as aforesaid, and now signed also by the plaintiff and purporting to have been subscribed and sworn to before a notary public in Baltimore on February 26, 1930, and a notary public in Washington on March 1, 1930; when defendant last saw said paper it was signed by him only and one only of said notaries public; defendant continued for the period during which he was financially able, that is, until November 1, 1931, to make payments at the rate which he understood as aforesaid plaintiff was willing to accept, Forty Dollars ($40.) per month, and then ceased making said payments because he lost his job and his earning capacity was curtailed to the point where he could not continue the same; plaintiff was in November, 1931, the defendant was informed, and has since continued in better financial circumstances than this defendant; the defendant, however, had not until shortly before the institution of this suit, that is to say, in the summer of 1936, been informed that either of said proposed agreements had been executed by the plaintiff; in September, 1935, at a time when demands were being made upon the defendant by the plaintiff for a resumption of payments at the rate he had theretofore paid, the plaintiff sent to the defendant by mail, without explanation but apparently as evidencing the agreement upon which she was making claim, a photostatic copy of the form of agreement first above mentioned, signed by this defendant and bearing date the blank day of January, 1930, but not in any way executed by the plaintiff."

compliance with the rule. See Wells v. Alropa Corporation, 65 App.D.C. 281, 283, 82 F.2d 887, 889. The action of the lower court was, therefore, well advised.

Affirmed.

STEPHENS, Associate Justice, dissents.