## BLAIR *v.* GRAY.

The charter of an insurance company in Illinois declares that, "in all cases of losses exceeding the means of the corporation each stockholder shall be held liable to the amount of unpaid stock held by him." An action at law was brought against a stockholder, who had not paid his stock subscription, to recover the amount due upon the policy issued by the company to the plaintiff's intestate. *Held*, that the declaration is bad in substance, as it fails to aver that the losses of the company, or its liabilities, exceed its assets. *Quære*, If there was a deficiency of assets, could such an action be maintained to enforce the liability of a stockholder.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

This was an action at law by Blair. The declaration alleges that a policy of insurance was issued by the Republican Life Insurance Company of Chicago on the life of his intestate, who died while the policy was in full force and effect; that proof of death and the adjustment of the loss were duly made, but that the company failed to pay any part of the sum due by the terms of the contract.

The declaration also avers that Gray, the defendant, was a stockholder of the company to the amount of $10,000, of which he had actually paid in only $2,000; and that under the sixth section of the charter, which is set out in the opinion of this court, he is, to the amount of his unpaid stock, liable to the plaintiff.

The court sustained a demurrer to the declaration, and Blair sued out this writ.

*Mr. E. A. Otis* for the plaintiff in error.

*Mr. Francis Kales, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The charter of the Republic Life Insurance Company of Chicago contains the following section: —

"SECT. 6. The real and personal property of each individual stockholder shall be held liable for any and all liabilities of the company, to the amount of stock subscribed and held by him and not actually

paid in. In all cases of losses exceeding the means of the corporation, each stockholder shall be held liable to the amount of unpaid stock held by him."

The defendant, Gray, subscribed $10,000 to the capital stock of the company. He has paid only $2,000 on his subscription, and still owes the company for the rest. Under the foregoing section of the charter some appropriate action for the benefit of creditors may undoubtedly be maintained against him for the recovery of this unpaid balance, if the losses of the company are in excess of its means.

This suit was at law by a policy-holder of the company, against the defendant as a stockholder, to recover an amount claimed to be due on the policy. There is no averment in the declaration to the effect that the losses of the company, or its liabilities, exceed its assets. The case stands on demurrer to the declaration. Without, therefore, determining whether, under the decisions of the courts of Illinois, if it appeared that there was a deficiency of assets, an action like this might be maintained, we affirm the judgment below, because we are all of opinion that, until such contingency arises, a creditor cannot sue a stockholder to enforce this liability.

*Judgment affirmed.*