# ST. CLAIR *v.* CONLON.

APPELLATE PRACTICE; APPEALS; AMENDMENT; SEVENY-THIRD
RULE; AFFIDAVITS.

1. In computing the twenty days within which an appeal must be taken, as prescribed by section 1, Rule 10 of this court, a legal holiday is not excluded.

2. If, after entry of a summary judgment against a defendant for want of sufficient affidavit of defence, he files a motion to vacate the judgment and for leave to amend his plea and affidavit, the twenty days within which his appeal must be taken begins to run from the date of overruling of his motion.

3. The granting or refusing of a motion to vacate a judgment rendered against a defendant for want of a sufficient affidavit of defence and for leave to amend his affidavit and plea, is a matter of discretion with the trial court.

4. While the plaintiff's affidavit under the Seventy-third Rule of the Supreme Court of this District, is to be construed with some strictness, the defendant's affidavit is to be given a fairly liberal construction; *following* Lawrence v. Hammond, 4 App. D. C. 467; Bailey v. District of Columbia, Id. 356; Strauss v. Hensey, 7 App. D. C. 289; and Pumphrey v. Bogan, 8 App. D. C. 449.

5. An affidavit of defence in a suit by the holder of a promissory note against the maker is sufficient, which is to the effect that the defendant has had certain stock transactions with the payees of the note and there being unsettled accounts between them and he being ill, he yielded to urgent solicitations and gave them the note in suit as security for any balance that might be found due from him; that he is not indebted to them, however, and believes upon an accounting they will be found indebted to him; and that the plaintiff is not a *bona fide* holder of the note for value, but procured it in some unknown way, after its maturity, from a person with whom it had been deposited by the makers as collateral.

6. On a motion for judgment for want of a sufficient affidavit of defence, the truth of the facts alleged in the affidavit under consideration is assumed, and they cannot be affected by what may be contained in the plaintiff's affidavit; *following* Strauss *v.* Hensey, 7 App. D. C. 289.

No. 716. Submitted January 4, 1898. Decided January 14, 1898.

HEARING on an appeal by the defendant from a judgment
12 Ct. App.—12

under the Seventy-third Rule for want of a sufficient affidavit of defence in an action on a promissory note. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. D. O'C. Callaghan* and *Mr. E. D. F. Brady* for the appellant.

*Mr. J. E. Padgett* and *Mr. Edwin Forrest* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. This is an appeal from a judgment rendered upon motion under the Seventy-third Rule of the Supreme Court of the District of Columbia. The suit was upon a note for the sum of $3,808.75, dated July 9, 1896, and payable to the order of C. F. Barnard & Co., six months after date.

The plaintiff, Owen F. Conlon, filed an affidavit, sufficient under the rule aforesaid to entitle him to judgment, in which he claimed to be a *bona fide* holder of the note by endorsement before maturity and for a valuable consideration. Holding the defendant's affidavit of defence to be insufficient under the same rule, the court rendered judgment for plaintiff on the 13th day of May, 1897; and the appeal is therefrom.

2. The first question in the case arises on the appellee's motion to dismiss the appeal, because it was not taken within twenty days, Sundays excluded, after the entry of the judgment, as is required in section 1, Rule 10, of this court.

Taking the date of the judgment aforesaid and computing the lapse of time before taking the appeal, according to the mode pointed out in the rule, the appeal would be too late by one day. And if there was nothing else in the record, the motion would have to be sustained, because there is no foundation in the terms of Rule 10, aforesaid, for appellant's contention that a legal holiday occurring within the time must be excluded also.

It appears, however, that the defendant, Francis O. St. Clair, filed a motion to vacate the judgment and for leave

to file an amended affidavit and plea that accompanied the same.

That motion was entertained by the court, but when acted on, June 7, 1897, was overruled. The appeal was then immediately taken and perfected in due time.

The court had ample authority to grant the motion and vacate the judgment had it seen proper to do so; and the defendant was not bound to take his appeal until that motion had been disposed of. *Walter* v. *B. & O. R. Co.*, 6 App. D. C. 20, 28; *Aspen Mining, etc., Co.* v. *Billings*, 150 U. S. 31, 36.

The motion to dismiss, therefore, will be overruled.

3. We will not consider the error assigned on the refusal of the motion to vacate and for leave to amend. It was a matter of discretion with the court.

4. From a careful examination of the original affidavit of defence, we are of the opinion that, notwithstanding its want of certainty and artificiality in some respects, it was sufficient to entitle the defendant to a regular trial.

We have before called attention to the difference, and the reason therefor, that applies in the construction of the plaintiff's affidavit, on the one hand, and that of the defendant on the other, under the Seventy-third Rule. Whilst the plaintiff's affidavit is construed with some strictness, that of the defendant is accorded a fairly liberal interpretation. *Lawrence* v. *Hammond*, 4 App. D. C. 467, 474; *Strauss* v. *Hensey*, 7 App. D. C. 289, 294; *Pumphrey* v. *Bogan*, 8 App. D. C. 449, 451; *Bailey* v. *District of Columbia*, 4 App. D. C. 356, 370.

If there be nothing in the general statement of the facts of defence to indicate or suggest evasion or studied uncertainty of allegation or denial in matters plainly susceptible of clear and precise statement; and if it appear by any reasonable or fair construction that the facts so generally stated would constitute a defence to the plaintiff's action, in whole or in some part, the constitutional right of trial by jury must be accorded.

Rejecting tautology, the contents of the affidavit of defence may be stated as follows: Defendant denies any indebtedness whatsoever; and alleges that he had transactions with C. L. Barnard & Co. relating to the buying and selling of stocks, and that there were unsettled matters of account between them; that being ill at the time of the execution of the note, and too ill to adjust the said accounts, he yielded to the urgent solicitation of Barnard & Co. and gave them the note to be held by them as security for any balance that might be found due them pending a settlement of the unadjudicated accounts aforesaid; that the said accounts still remain unsettled; that he is not indebted to Barnard & Co., but believes that upon fair and just accounting the said Barnard & Co. will be found indebted to him; that the said note has never been negotiated, the plaintiff holding the same without valuable or other consideration and by endorsement after maturity; and that he obtained it in some unknown way from the possession of one James Middlevick, with whom it had been deposited by Barnard & Co., as collateral, on January 14, 1897. The note was overdue at this last date.

(1.) The matter of defence in respect of the note having its origin solely in stock gambling transactions between the defendant and C. L. Barnard & Co. is not sufficiently stated. It is so alleged, in a rather general way, in the proposed amendment; but that, as we have seen, can not be considered.

If such were the foundations of the note, each and every fact connected therewith was necessarily well known to the defendant; and if he intended to defend on that ground the specific facts ought to have been directly and precisely stated; nothing should have been left to inference.

(2.) If, as may be fairly inferred from the statement of defence, the note was given, not in settlement of a stated account, or admitted indebtedness, but merely for the accommodation of C. L. Barnard & Co., upon an independent collateral agreement in respect of a settlement of accounts in the future; and the plaintiff, as alleged, came into its

possession without consideration and after maturity, then the defendant ought to have a trial by jury.

In consideration of the facts alleged in the affidavit of defence, their truth is necessarily assumed, and they can not be affected by what may be contained in the plaintiff's affidavit. *Strauss* v. *Hensey,* 7 App. D. C. 289, 294.

For the reasons given, the judgment will be reversed, with costs, and the cause remanded for new trial.

*Reversed.*