BRUNSWICK TERMINAL CO. et al. v. NATIONAL BANK OF BALTIMORE.

(Circuit Court of Appeals, Fourth Circuit. February 6, 1900.)

No. 293.

1. STATUTE OF LIMITATIONS—WHAT LAW GOVERNS.

Code Ga. 1882, § 2916 (Code 1895, § 3766), providing that all suits for the enforcement of rights accruing to individuals under statutes, "acts of incorporation," or by operation of law, shall be brought within 20 years after the right of action accrues, and not the statute of limitations in Maryland, applies to an action in Maryland against a stockholder in a Georgia corporation to enforce his liability as stockholder as created by the charter of the corporation, within the rule that, where a statutory liability is sought to be enforced, and the statute prescribes the period of limitation, the law of the forum, where contrary thereto, does not govern.

2. FEDERAL COURTS—FOLLOWING DECISION OF STATE COURTS.

A federal court will follow the construction given by the supreme court of a state to a statute of limitations of that state.

Brawley, District Judge, dissenting.

Appeal from the Circuit Court of the United States for the District of Maryland.

Henry W. Williams (Goodyear & Kay and Williams & Williams, on the brief), for appellants.

D. K. Este Fisher and Allan McLane (William A. Fisher and James L. McLane, on the brief), for appellee.

Before GOFF, Circuit Judge, and BRAWLEY and WADDILL, District Judges.

WADDILL, District Judge. This is an appeal from the decree of the circuit court of the United States for the district of Maryland dismissing the bill in equity filed in that court by the appellants against the appellee. 88 Fed. 607. The bill was filed by the appellants, creditors of the Brunswick State Bank of Georgia, on their own behalf and on behalf of such other creditors as might intervene against the appellee, the National Bank of Baltimore, alleged to be liable as a stockholder in the Brunswick State Bank. The Brunswick State Bank was incorporated by an act of the Georgia legislature of October 24, 1881, and discontinued business, being insolvent,

on the 25th of May, 1893. By its charter (section 9, p. 522, Laws 1889) it is provided:

"That said corporation shall be responsible to its creditors to the extent of its property and assets, and the stockholders, in addition thereto, shall be individually liable, equally and ratably, and not one for the other, as sureties to the creditors of such corporation, for all contracts and debts of the said corporation, to the extent of the amount of their stock therein, at the par value thereof, respectively, at the time the debt was created, in addition to the amount invested in such shares."

Code Ga. 1882, § 1496, further provides:

"When a stockholder in any bank or other corporation is individually liable under its charter, and shall transfer his stock, he shall be exempt from such a liability, unless he receives a written notice from a creditor, within six months after such transfer, of his intention to hold him liable: provided, he shall give notice for once a month, for six months, of such transfer, immediately thereafter, in two newspapers in and nearest the places where. said institution shall keep its principal office."

The appellee was at one time a stockholder of the Brunswick State Bank of Georgia, and, upon transfer of its stock, failed to comply with the statutory provisions last set forth, and appellants claim that it has incurred the stockholders' liability provided for in the charter hereinbefore recited, and is liable to them in this suit.

In the lower court the appellee appeared, and filed its answer, setting up, among other defenses, that of the statute of limitations, and insisted that the case was governed by the Maryland statute of limitations, applicable to actions of assumpsit or actions of debt on simple contracts (Code Md. [Pub. Gen. Laws] art. 57, § 1), which requires the suit in such cases to be commenced within three years from the time the right of action accrues. The appellants, complainants in the lower court, demurred to the plea of the statute of limitations thus set up, and elected to stand upon the demurrer, and the case turned upon that question solely, the court overruling the demurrer to said plea, and dismissing the bill.

The single question to be determined in this case is whether the statute of limitations of the state of Maryland or of the state of Georgia applies to the claim sued on. The merits of the case were not touched upon by the decision of the lower court, and it is not the purpose of this court to express any opinion thereon. It is a general rule, too well settled to admit of serious controversy at this late day, that the remedies, as distinguished from the rights of the parties, are determined by the law of the forum, and that the statutes of limitations are part of the remedy, and not of the laws affecting rights. McElmoyle v. Cohen, 13 Pet. 312, 327, 10 L. Ed. 177; Bank v. Eldred, 130 U. S. 693, 696, 9 Sup. Ct. 690, 32 L. Ed. 1080; Telegraph Co. v. Purdy, 162 U. S. 329, 339, 16 Sup. Ct. 810, 40 L. Ed. 986; Willard v. Wood, 164 U. S. 502, 520, 17 Sup. Ct. 176, 41 L. Ed. 531; Townsend v. Jemison, 9 How. 407, 13 L. Ed. 194; Railway Co. v. Wyler, 158 U. S. 285, 289, 15 Sup. Ct. 877, 39 L. Ed. 983. There are, however, exceptions to this rule; one being where a statutory liability is sought to be enforced, and the statute prescribes the period of limitation. In this case the general

rule, adopting the statutes of limitations of the forum, is departed from, and the limitation prescribed by the act fixing the liability is applicable. Indeed, this principle was recognized by the learned judge in the court below in his opinion, but he proceeded upon the theory that there was no statute of the state of Georgia fixing the limitation in actions to enforce stockholders' liability. This, it seems, was a mistake, and that there existed such a statute. Code Ga. 1882, § 2916 (Code 1895, § 3766), is as follows:

"All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of the law, shall be brought within twenty years after the right of action accrues."

This statute, in our opinion, governs in this case, and not the Maryland statute. It is exceedingly broad in its terms, and is expressly made applicable to suits for the enforcement of rights accruing to individuals under statutes and acts of incorporation. This statute has been construed by the supreme court of the state of Georgia, and by it held applicable to causes of action arising under acts of incorporation in that state. Insurance Co. v. Davis, 63 Ga. 471. This case turned upon the question of whether the liability arising under the act of the Georgia legislature incorporating the Georgia Masonic Mutual Life Insurance Company was subject to the period of limitation prescribed by the law of that state applicable to simple contracts, or by the act now under consideration, and the court decided that the liability was a statutory one, lasting for 20 years, and that this act applied. A further presentation of the general doctrine of a stockholder's statutory liability by the supreme court of the state of Georgia will be found in Banks v. Darden, 18 Ga. 318, 341. This court will follow the construction given by the supreme court of the state of Georgia to a statute of limitations of that state. No rule is, perhaps, more thoroughly established, and we know of no reason for disregarding it in the present case. Bauserman v. Blunt, 147 U. S. 647, 13 Sup. Ct. 466, 37 L. Ed. 316; Balkam v. Iron Co., 154 U. S. 177, 188, 14 Sup. Ct. 1010, 38 L. Ed. 953. In Balkam v. Iron Co., supra, Mr. Justice White, speaking for the court, said:

"No laws of the several states have been more steadfastly or more often recognized by this court, from the beginning, as rules of decision in courts of the United States, than statutes of limitations of action, real and personal, as enacted by the legislature of a state, and as construed by its highest court."

And in support of this position the unbroken decisions of the supreme court, commencing as early as 4 Cranch, and running down to the time of its delivery, were cited by the learned justice. In Flash v. Conn, 109 U. S. 371, 381, 3 Sup. Ct. 263, 27 L. Ed. 966, on an appeal from the circuit court of the United States for the district of Florida, it was held that the decision of the New York court of appeals, holding a certain statutory stockholder's liability not to be a penalty, but in the nature of a contract, and therefore not barred by the three-years limitation, as in the case of a penalty, but by the six-years limitation prescribed as to contracts, was binding in all jurisdictions. The court (Mr. Justice Woods) says:

"We think this is a case where the construction of the state court is entitled to great, if not conclusive, weight with us. It is the settled construction of the law of the state, upon which the rights and liabilities of a large number of its citizens must depend. If the liability of a stockholder under section 10 arises upon contract, the six-years limitation applies to it: if the liability is in the nature of a penalty, the three-years limitation applies. It is clear that confusion and uncertainty would result should the state and federal courts place different constructions on the section. Such result ought, if possible, to be avoided. * * * If this were a case arising in the state of New York, we should, therefore, follow the construction put upon the statute by the courts of that state. The circumstance that the case comes here from the state of Florida should not leave the statute open to a different construction. It would be an anomaly for this court to put one interpretation on the statute in a case arising in New York, and a different interpretation in a case arising in Florida. Our conclusion, therefore, is that this action was not brought to enforce a liability in the nature of a penalty."

The rule recognizing the statute of limitations of the state passing the act under which the liability sought to be enforced arises, in cases of statutory liability, where there is a period of limitation prescribed, has been frequently followed by the federal and state courts. Flash v. Conn, supra; The Harrisburg, 119 U. S. 199, 214, 7 Sup. Ct. 140, 30 L. Ed. 966; Bank v. Francklyn, 120 U. S. 756, 7 Sup. Ct. 757, 30 L. Ed. 825; Boyd v. Clarke (C. C.) 8 Fed. 849; Andrews v. Bacon (C. C.) 38 Fed. 777; Munos v. Southern Pacific Co., 2 C. C. A. 163, 2 U. S. App. 22, 51 Fed. 188; Theroux's Adm'x v. Railroad Co., 27 U. S. App. 508, 12 C. C. A. 52, 64 Fed. 84; Eastwood v. Kennedy, 44 Md. 563; Railway Co. v. Hine, 25 Ohio St. 629; O'Shields v. Railway Co., 83 Ga. 621, 10 S. E. 268, 6 L. R. A. 152. The reason upon which this line of decisions is based is that in the enforcement of a liability not existing at common law, and arising by virtue of a statute, the right, as well as the mere remedy, is involved, and that to the statute in question alone, as construed by the courts of the state of its passage, can resort be had, either in the matter of the ascertainment of rights arising thereunder, or remedies provided thereby. The statute itself prescribes just what right it gives, and it can likewise provide the remedy for its enforcement, and the time within which it shall be operative. The Harrisburg, supra, was an admiralty proceeding in the United States district court for the state of Pennsylvania, in which the liability sought to be enforced was one arising under the statutes of the state of Massachusetts, occasioned by the wrongful death of the libelant; and the supreme court, speaking through Mr. Chief Justice Waite, said:

"The statutes create a new legal liability, with a right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. No one will pretend that the suit in Pennsylvania or the indictment in Massachusetts could be maintained if brought or found after the expiration of the year; and it would seem to be clear that, if the admiralty adopts the statute as a rule of right to be administered within its own jurisdiction, it must take the right subject to the limitations which have been made part of its existence. It matters not that no rights of innocent parties have attached during the delay. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The

liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right."

The Harrisburg was a case seeking to enforce a liability arising under the statute for wrongful death, and most of the cases last above cited are of the same character, though not all of them; notably Flash v. Conn, Bank v. Francklyn, and Andrews v. Bacon,— the latter case being almost a counterpart of the present one. But we perceive no good reason why the same general doctrine applicable to cases of liability arising under a statute should not apply to cases like the one now under consideration, where it is sought to impose upon stockholders in a corporation a personal liability. Such a liability is unknown to the common law, and exists only by virtue of the statute, and the limitation of the right imposed by the statute controls in the matter of its enforcement. In Pollard v. Bailey, 20 Wall. 526, 527, 22 L. Ed. 378, Mr. Chief Justice Waite, in discussing the doctrine of the individual liability of the stockholders in a corporation for the payment of its debts, thus states it:

"The individual liability of stockholders in a corporation for the payment of its debts is always a creature of statute. At common law it does not exist. The statute which creates it may also declare the purposes of its creation, and provide for the manner of its enforcement. The liability and the remedy were created by the same statute. This being so, the remedy provided is exclusive of all others. A general liability created by statute, without a remedy, may be enforced by an appropriate common-law action. But, where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed."

And in the more recent case of Bank v. Francklyn, supra, Mr. Justice Gray, in referring to the principles as above settled, said:

"Pursuant to these principles, this court has repeatedly held, not only that suits, either at law or in equity, in the circuit court, by creditors of a corporation, to enforce the liability of stockholders under a state statute, are governed by the statute of limitations of the state (Terry v. Tubman, 92 U. S. 156, 23 L. Ed. 537; Carrol v. Green, 92 U. S. 509, 23 L. Ed. 738; Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365), but also that the question whether the remedy in the federal courts should be by action at law or by suit in equity depends upon the nature of the remedy given by the statutes of the state (Mills v. Scott, 99 U. S. 25, 25 L. Ed. 294; Terry v. Little, 101 U. S. 216, 25 L. Ed. 864; Patterson v. Lynde, 106 U. S. 519, 1 Sup. Ct. 432, 27 L. Ed. 265; Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, 27 L. Ed. 966). See, also, Blair v. Gray, 104 U. S. 769, 29 L. Ed. 922; Chase v. Curtis, 113 U. S. 452, 460, 5 Sup. Ct. 554, 28 L. Ed. 1038."

Counsel for appellee insists that the Georgia act of limitation, above quoted, does not apply, and should not control, in this case, because it is not a part of the act of incorporation of the Brunswick Bank of Georgia, under which the liability sought to be enforced arises, and that, inasmuch as this act contains no specific clause of limitation, the general acts of limitation of the state of Maryland, and not those of Georgia, apply. We cannot accede to this proposition in this case. While there is force in the contention, and in some cases it would be doubtless correct, it is not, in our opinion, true here. The statute of limitations of the state of Georgia sought to be applied was not, in its broader sense, the general statute of limitation of the state, as distinguished from a statute contained in the particular enactment; but it was the special statute of limi-

.tations of that state, applicable to statutory liabilities, or liabilities arising under acts of incorporation, or by operation of law, in existence at the time and for years previous to the passage of the act of incorporation of the Brunswick Bank, and therefore must be considered as forming a part of, as read into, the act incorporating the bank, as much so as if it had been formally incorporated therein, and the stockholders and all persons dealing with this bank are presumed to know of its existence, and are bound by its terms. For these reasons the decree of the circuit court dismissing the bill of the complainant is reversed, and the cause remanded, with instructions to said court to reinstate the same, and proceed therein to a final decree.

BRAWLEY, District Judge, dissents.