# CODINGTON v. STANDARD BANK OF CANADA.

PLEADING; AFFIDAVITS OF DEFENSE; BILLS AND NOTES.

1. The object of the 73d rule of the supreme court of the District of Columbia is to promote justice by preventing, so far as possible, fictitious defenses; it was never intended as a substitute for a trial, and if, therefore, the court, upon reading an affidavit of defense given thereunder, is convinced that it has been made in good faith, and a doubt exists as to the right of the plaintiff to recover, summary judgment ought not to be entered. (Citing *Lawrence* v. *Hammond*, 4 App. D. C. 467; *St. Clair* v. *Conlon*, 12 App. D. C. 161; *Patterson*

v. *Barrie*, 30 App. D. C. 531; *Columbia Laundry Co.* v. *Ellis*, 36 App. D. C. 583.)

2. An affidavit of defense by the maker of a promissory note sued on by one claiming to have become the bona fide owner thereof for value before maturity, that alleges facts which, if sustained by proof, constitute a good defense as against the original payee of the note, and avers that until recently no interest has been demanded on the note by plaintiff, which has deferred suing thereon for three years; that "on information from reliable persons," he believes that the note was not indorsed to plaintiff without notice of his defenses; that he is informed and believes that the note was obtained by plaintiff after maturity, and that the original payee has secured plaintiff against loss in the event of a failure to collect it; and that he expects to prove these averments at the trial by competent witnesses,—is sufficient under the 73d rule to show the good faith of defendant, and to entitle him to a jury trial.

No. 2508.   Submitted April 10, 1913.   Decided May 5, 1913.

HEARING on an appeal by the defendant from a judgment for the plaintiff in the Supreme Court of the District of Columbia, under the 73d rule, for want of a sufficient affidavit of defense.                            *Reversed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment for the plaintiff, appellee here, in the supreme court of the District, under the 73d rule.

The plaintiff commenced its suit September 7, 1912, and declared on a note for $500, signed by the defendant, dated at Grand Rapids, Michigan, May 10, 1909, payable to the order of the Cuban Realty Company, Limited, four months after date, with interest at 6 per cent payable semiannually, and averred that it became the bona fide owner of said note for value before maturity.

In his amended affidavit of defense, the defendant first alleges facts which, if sustained by proof, constitute a good defense as against the original payee of the note. He then avers that until very recently no interest has been demanded on the note; that, "on information from reliable persons," he believes

that said note was not indorsed to the plaintiff without notice
of his defenses; that he is informed and believes that it was ob-
tained by the plaintiff after maturity, and hence subject to all
the equities and defenses available to him; that he expects
to prove these averments at the trial by competent witnesses;
that "he is informed by Charles Floyd, formerly secretary of
the Bartle Beaver Company (an organization affiliated with
the said Cuban Realty Company, Limited), that it is within
the knowledge of reliable persons that the plaintiff in this suit
acquired said note from the said Cuban Realty Company, Lim-
ited, for collection and after maturity." He further avers
that he is informed by a Mr. L. O. Powell that the said Cuban
Realty Company, Limited, has secured the plaintiff against
loss in the event it is unable to collect said note. The affidavit
closes with an averment that defendant believes "he will be
able to prove, and he expects to prove, by competent witnesses at
the trial having knowledge of the facts, that plaintiff took said
note after maturity, and that at the time of the acquisition of
the said note by the plaintiff in this cause, the said plaintiff
had notice that this defendant had a valid defense against the
same." To the action of the court in adjudging this affidavit
insufficient, the defendant prosecutes this appeal.

*Messrs. McLanahan & Burton* and *Mr. William S. Culbert-
son* for the appellant.

*Mr. Henry P. Blair, Mr. Charles S. Hillyer,* and *Mr. Arthur
Hellen* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

As we have many times suggested, the object of the 73d rule
is to promote justice by preventing, so far as possible, fictitious
defenses. It was, of course, never intended as a substitute for
a trial. If, therefore, the court, upon reading an affidavit of
defense, is convinced that it has been made in good faith, and
that a doubt exists as to the right of the plaintiff to recover,

summary judgment ought not to be entered. *Lawrence* v. *Hammond,* 4 App. D. C. 467; *St. Clair* v. *Conlon,* 12 App. D. C. 161; *Patterson* v. *Barrie,* 30 App. D. C. 531; *Columbia Laundry Co.* v. *Ellis,* 36 App. D. C. 583. Tested by the foregoing rule, we think the present affidavit clearly sufficient. All facts within the personal knowledge of the defendant are clearly and fully averred. Those facts, as previously suggested, if sustained by proof, constitute a good defense as against the original payee of the note. That the plaintiff bank should have failed to demand interest on this note until recently; that it should have deferred bringing suit thereon for three years; that it should have exacted security of the original payee, are circumstances which, unexplained, tend to support the averment of the defendant that it did not acquire the note without notice of his defenses. The affidavit clearly shows that, as to facts not within the personal knowledge of the defendant, he has made due inquiry; that the result of such inquiry is his belief that he will be able to prove at the trial, by competent witnesses, that the plaintiff, when it acquired the note, had notice of his defenses. Taking the affidavit as a whole, the good faith of defendant is clear, and a doubt is raised as to whether the plaintiff ought to recover.

Judgment reversed, with costs, and cause demanded.