**BULOW et al. v. JENKINS.**

**No. 5885.**

Court of Appeals of the District of Columbia.

Argued Nov. 10, 1933.

Decided Jan. 15, 1934.

Arthur J. Hilland, of Washington, D. C., for appellants.

Samuel J. L'Hommedieu, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment for the plaintiff in the Supreme Court of the District because of an insufficient affidavit of defense in an action upon a promissory note in the sum of $2,000 made by defendant Bulow (an appellant here), dated April 2, 1932, and payable 90 days after date to the order of Jacob S. Boyer and Elva C. Boyer, and before delivery indorsed by defendant Carroll (also an appellant).

Accompanying the declaration was an affidavit of merit containing an averment that the payees "for value received, and before maturity thereof, in due course, transferred said note to plaintiff." A bill of particulars also accompanied the declaration and contained a copy of the note.

Defendants filed a joint plea and an affidavit by the defendant Bulow "on behalf of his co-defendant, Harry R. Carroll, as well as on his own behalf." In the affidavit it is alleged that on April 2, 1932, defendant Bulow entered into a contract with Jacob S. Boyer and Elva C. Boyer in which the Boyers agreed to sell and deliver, unincumbered in any manner whatsoever, unto the defendant Bulow, 226 shares of a total outstanding 230 shares of the capital stock of the Boyer Motor Sales, Incorporated (hereinafter referred to as the motor company), for which Bulow agreed to pay the Boyers $500 in cash on delivery of the shares of stock, and to issue and deliver his two promissory notes, each bearing date April 2, 1932, one payable 60 days after date in the sum of $1,000, and the other, the note sued on, each note to be indorsed by defendant Carroll;

that in the contract the Boyers agreed to exhibit, and did exhibit, to the defendant Bulow, certain books, statements of account, and records, and did warrant that they contained an accurate and complete record of all the assets and liabilities of the motor company; that from time to time after the execution and delivery of the notes defendants discovered that such books, statements, and records did not contain a true and accurate record of all the assets and liabilities of the motor company, in that they listed large and divers assets which the motor company did not possess, and failed to list large and divers liabilities of the motor company; that on maturity of the $1,000 note defendants had discovered various and divers errors in such books, accounts, and records, for which they claimed and received credit against such note; "that between the date of the maturity of said note in the amount of One Thousand Dollars ($1,000.00) and the time of the filing of the said declaration, the defendants have discovered and are still discovering various and divers errors in the said books, statements of account and records, to their loss and damage, which, by reason of said warranty, they are entitled to have set-off against said note."

Affiant further alleges that "he is advised and believes and expects to prove at the trial hereof that the said plaintiff, William L. Jenkins, is not a holder in due course of said note in that he knew of the aforesaid warranty; and further that he is an uncle and close friend and represented in this action by the attorney of the said Jacob S. Boyer and Elva C. Boyer, and knew of their breach of said warranty and of the controversy between them and these defendants because of said breach of warranty."

■ We have many times suggested that the object of the seventy-third rule of the court below is to promote justice by preventing, so far as possible, fictitious defenses. Codington v. Standard Bank, 40 App. D. C. 409. The rule provides, in part, that the plaintiff shall be entitled to judgment, "unless the defendant shall file, along with his plea, if in bar, an affidavit of defense, denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating also, in precise and distinct terms, the grounds of his defense, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part. And

where the defendant shall have acknowledged in his affidavit of defense his liability for a part of the plaintiff's claim as aforesaid the plaintiff, if he so elect, may have judgment entered in his favor for the amount so confessed to be due."

■ In the present case the averments in the affidavit of defense are vague and indefinite. No amount is confessed, and it would therefore be impossible for plaintiff to have judgment entered in his favor for any amount less than the whole. See King v. Curtin, 31 App. D. C. 23. The affidavit discloses that the defendant Bulow on April 2, 1932, purchased from the Boyers substantially all the stock of the motor company, and in payment therefor gave two promissory notes dated April 2, 1932. The first note for $1,000 was payable in 60 days. Under the terms of the agreement, the Boyers were to exhibit, and did exhibit, to the defendant Bulow "certain books, statements of account, and records," which they warranted to contain "an accurate and complete record of all the assets and liabilities" of the motor company. Defendants discovered that these books, statements, and records did not contain a true and accurate record of all the assets and liabilities of the motor company; that upon maturity of the $1,000 note defendants had discovered "various and divers errors" in such books, accounts, and records, "for which they claimed and obtained credit against the said note." The amount claimed and for which credit was given is not stated, but it does appear that the adjustment was made as of the date of the maturity of the 60-day note, since which time, it is alleged in the affidavit, "the defendants have discovered and are still discovering various and divers errors in the said books, statements of account, and records, to their loss and damage." The nature and extent of the "various and divers errors" is not stated. Whether they amount in the aggregate to $1, $5 or $100 is left to conjecture. In view of the fact that an adjustment was made upon the maturity of the first note, and that, so far as disclosed, the defendants have had access to the books and records since the date of the notes, we think the affidavit should have been more specific. We therefore agree with the trial court that, "apart from any other question," the affidavit of defense is insufficient.

Judgment affirmed, with costs.

Affirmed.