## WELLS v. ALROPA CORPORATION.
### No. 6507.

United States Court of Appeals for the District of Columbia.

Decided March 9, 1936.

F. Regis Noel, of Washington, D. C., for appellant.

Alvin L. Newmyer and Joseph A. Kaufmann, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant, defendant below, appeals from a judgment obtained in the Supreme Court of the District of Columbia on a promissory note, reading as follows:

Face of note:

"Miami, Fla., November 27, 1925.
"No. 1, $1,111.11.

"On or before one year after date, for value received, I promise to pay to the order of W. C. Jackson One Thousand One Hundred and Eleven and 11/100 Dollars at MIAMI BANK AND TRUST COMPANY, of Miami, Florida, with interest thereon at the rate of 8 per cent, per annum from date until fully paid. Interest payable semi-annually. The maker and endorser of this note further agree to waive demand, notice of non-payment, and in case suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection. Deferred interest payments to bear interest from maturity at 8 per cent per annum, payable semi-annually.

"[Signed]   Walter A. Wells [Seal]
"The Rochambeau [Seal]
"Due ——— 1926.  Wash., D. C.
Back of note:
"Without recourse.
"[Signed]   W. C. Jackson."

The note is a printed form with the blanks typewritten. It was signed by the maker on a printed line which had the word "[Seal]" printed to the right, directly in line with the maker's signature.

The declaration was met by a motion to strike on the ground that the action was barred by the statute of limitations of the District of Columbia. The bar of limitations was based, of course, upon the theory that the note is not under seal. Defendant's contention is that, inasmuch as the note did not recite that it was signed and sealed by the maker, and there was no indication on the face of the note that the maker had adopted the printed seal, it cannot be held to be a sealed instrument. The motion to strike was denied.

■ We will consider first the question of whether or not the note given is a sealed instrument. If not, it is barred here by the statute of limitations. Although it is a Florida contract, the statute of limitations of the forum where the suit was brought, namely, in the District of Columbia, controls, regardless of whether or not recovery would be barred in the state in which the cause of action arose. Townsend v. Jemison, 9 How. 407, 13 L.Ed. 194; M'Elmoyle v. Cohen, 13 Pet. 312, 10 L.Ed. 177; Brunswick Terminal Company v. National Bank of Baltimore (C.C.A.) 99 F. 635, 48 L.R.A. 625; Thomas v. Clarkson, 125 Ga. 72, 54 S.E. 77, 6 L.R.A.(N.S.) 658.

■ There is considerable conflict in the state decisions as to whether or not an instrument, such as the present, with the word seal printed thereon, and no reference on the face of the instrument signifying it was intended as a sealed instrument, is to be treated as such, or as merely a simple contract. In an early decision in the District of Columbia, Green v. Lake, 13 D.C. (2 Mackey) 162, where a printed seal appeared on the note at the end of the line containing the signature of the maker, as appears in the present note, the court said: "The question was suggested in the outset, whether this was to be treated as a sealed instrument or a simple contract. The action is brought in debt, which would apply to an instrument bearing either character. It is in evidence that by the law of Mississippi, where this contract was made, this is a sealed instrument, and we have no hesitation in saying that by the law of the District of Columbia it must also be so regarded. Written scrolls have been, from time immemorial, regarded as seals here. For twenty years we have been in the habit of using printed forms of conveyancing for real estate, with printed seals only, and to hold that these are not seals would be to upset many of the titles created during that time."

This holding is upon the theory that where a person signs his name next to the printed seal, he adopts the same as his seal, and this prevails whether or not in the body of the instrument are contained additional words "Witness my hand and seal," or "Signed and sealed." "It is not necessary, as has been argued, that the scrawl must be adopted by the obligor, by a declaration in the body of the bond, or single bill, to make it his seal. It is sufficient if the scrawl be affixed to the bond, or bill, at the time of its execution, and delivery. For, if he execute and deliver it with the scrawl attached, it being considered here as equivalent to the wax or wafer, it is as much his seal, as if he had declared it to be so in the body of the instrument." Trasher v. Everhart, 3 Gill & J. (Md.) 234.

We do not overlook the modern tendency to minimize the importance of the use of the seal, especially on negotiable instruments such as promissory notes. But the rule announced in Green v. Lake, supra, has never been overruled by the courts of this District. It established a rule of stare decisis, which has universally been followed, and which we think should not be set aside at this late date.

■ We now come to the consideration of the sufficiency of the affidavit of defense. On motion of counsel for plaintiff for judgment on the insufficiency of the affidavit of defense, under the seventy-third rule of the Supreme Court of the District of Columbia, judgment was entered for the plaintiff. This is assigned as error. The affidavit of defense alleges that defendant "is advised and believes, and upon such information and belief avers, and expects to prove at the trial hereof, that the consideration paid for the notes sued upon herein wholly failed; that the enforcement of payment of said notes is barred by the statute of limitations; that there has been no demand for payment or presentment of said notes; that the plaintiff corporation paid nothing of value for said notes; that said plaintiff is not a holder of said notes for value, or any consideration, in due course of business, and that said plaintiff acquired said notes after maturity and dishonor."

It is contended by counsel for plaintiff that the affidavit is defective in that it does not allege in particular the facts on which defendant relies to establish the grounds of defense alleged in the affidavit. Eliminating the averment that the enforcement of the note is barred by the statute of limitation, we think there are valid defenses sufficiently alleged, if established, to entitle the defendant to a trial of the issues to a jury. These are not fictitious defenses from anything that appears upon the face of the record. As this court, in Codington v. Standard Bank of Canada, 40 App.D.C. 409, speaking through Mr. Justice Robb, said: "As we have many times suggested, the object of the 73d rule is to promote justice by preventing, so far as possible, fictitious defenses. It was, of course, never intended as a substitute for a trial. If, therefore, the court, upon reading an affidavit of defense, is convinced that it has been made in good faith, and that a doubt exists as to the right of the plaintiff to recover, summary judgment ought not to be entered."

█ Applying this rule to the affidavit of defense in the instant case, and the grounds of defense there alleged, we think there is nothing to indicate that the defense or defenses set up are fictitious, or for the purpose of delay in promoting the ends of justice. Allegations are made which, if established by competent evidence, would furnish a complete defense, and we see no reason why the defendant should not be permitted to have the facts of his case determined by a jury. The motion for judgment should be denied, if any one of the defenses alleged is sufficient, if established, to constitute a good defense.

As this court said in St. Clair v. Conlon, 12 App.D.C. 161: "If there be nothing in the general statement of the facts of defense to indicate or suggest evasion or studied uncertainty of allegation or denial in matters plainly susceptible of clear and precise statement; and if it appear by any reasonable or fair construction that the facts so generally stated would constitute a defense to the plaintiff's action, in whole or in some part, the constitutional right of trial by jury must be accorded."

██ It should be borne in mind that if the affidavit of merit required of the plaintiff be found insufficient, the remedy is still open to him to pursue his action to trial and judgment by the regular procedure provided. But the rule operates differently with the defendant. If for any reason his affidavit of defense is adjudged insufficient, a judgment is rendered against him, and he is foreclosed from the right of trial or opportunity to produce his evidence or make good his defense. While, therefore, the rule as to the affidavit of merit should be strictly construed, a contrary rule should govern as to the affidavit of defense. It should be liberally construed in favor of the defendant's right to maintain and establish his defense. Unless, therefore, it appears on the face of the affidavit that an attempt is being made through sham and fictitious defenses to hinder and delay justice, or that the defenses alleged are so carelessly stated as to render their interpretation doubtful or uncertain, the defendant should not be prevented from an opportunity to maintain his defense.

The judgment is reversed with costs.

STEPHENS, Associate Justice (dissenting).

I concur in the view of the majority that the instrument in question in this case is a sealed instrument.

As to the sufficiency of the affidavit of defense, however, I dissent: The only substantial difference between the defendant's plea and his affidavit of defense was that the latter was supported by his oath, that is, was in affidavit form, the plea being supported only by the signature of counsel. Otherwise, the plea and the affidavit of defense were in substantially the same terms, each setting up that the consideration of the note sued on had wholly failed; that the note was barred by the statute of limitations; that there was no demand for payment or presentment; that plaintiff paid nothing of value for the note; that plaintiff is not a holder for value or any consideration in due course; and that he acquired the note after maturity and dishonor. In my view the purpose of Rule 73 was to require more than the mere addition of an oath to a plea. As stated by Mr. Justice Robb in Bulow v. Jenkins, 63 App. D.C. 38, 68 F.(2d) 783, the purpose of Rule 73 was "to promote justice by preventing, so far as possible, fictitious defenses"; and it seems to me that the language of Rule 73, requiring the defendant to file with his plea "an affidavit of defense, denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating also, *in precise and distinct terms*, the grounds of his defense, *which must be*

*such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part*[1] may very well be said to require more than a mere oath attached to conclusions. Unless the rule requires a statement of the facts which, if true, would constitute a defense, so that the court can determine whether such facts when proved would as a matter of law support a conclusion that the defendant is not liable, it can be of little help to the court. The phrase "specifically stating also, in precise and distinct terms" may well be said to mean a statement of the facts. The rule, of course, cannot be construed to require the defendant to state his evidence, but, on the other hand, it ought to require, and I think properly construed does require, a statement of more than conclusions of law or of immaterial or conflicting matter. The affidavit of defense in this case consisted in large part of such items. Certainly the statement that the consideration had wholly failed is a conclusion of law. The assertion that the note was barred by the statute of limitations is a conclusion of law which could be determined, indeed had been determined adversely to the defendant, from the face of the declaration. The assertion that there had been no demand for payment of the note was unnecessary since the note is payable "on or before one year after date" and it is obvious from the face of the note that more than one year had expired. The assertion that there had been no presentment of the note would seem to be in conflict with the later statement that the plaintiff had acquired the note after maturity and dishonor. This casts doubt upon the genuineness of either of such asserted defenses. It is to be noted also that the assertion of lack of presentment is a defense good when asserted for an endorser, not for a maker, and the defendant is one of the makers.[2] Therefore, this statement was immaterial. The whole assertion that "said plaintiff is not a holder of said notes for value, or any consideration, in due course of business, and that said plaintiff acquired said notes after maturity and dishonor" is but a general conclusional assertion that the plaintiff is not a bona fide holder in due course for value before maturity and that he is therefore charged with notice of defects or defenses.

But apparently from the affidavit the only defenses are failure of consideration and running of the statute of limitations. The facts supporting the asserted failure of consideration are not set out, and as above stated, the defense of the statute of limitations had been determined.

I am of the view, therefore, that the judgment for the plaintiff should be sustained.

Mr. Justice ROBB joins in this dissent.

---

[1] Italics supplied.

[2] It is to be noted further on the subject of presentment and demand that the note specifically provides "the maker and endorser of this note further agree to waive demand, notice of non-payment * * *."