**BELL et ux. v. KELLY MOTOR LINES, Inc.**

**Civ. A. No. 3868–50.**

United States District Court
District of Columbia.

Jan. 31, 1951.

William B. Jones, Washington, D. C., for plaintiff in the suit and respondent on this motion.

Richard W. Galiher, William E. Stewart, Jr. Washington, D. C. for defendant and petitioner.

TAMM, District Judge.

Plaintiffs, husband and wife, brought this action on September 6, 1950, to recover for personal injuries incurred when their motor vehicle collided with the defendant's trailer truck. The collision occurred in Virginia on April 14, 1949. The plaintiffs allege that the trailer truck of the defendant was negligently driven by the employees of the defendant acting within the scope of their employment.

The defendant filed a motion to dismiss or for summary judgment, and a motion for change of venue.

The defendant predicated his motion to dismiss upon the theory that the plaintiffs' claim is barred by the Viriginia statute of limitations which for this type of action is one year. The District of Columbia statute of limitations which governs this type of claim is three years. Title 12–201, D. C. Code (1940 Edition). The theory of the defendant is that since the action would be barred in Virginia, the state in which the tort occurred, it is barred everywhere, and that consequently the District of Columbia three year limitation has no applicability.

The Court in addressing itself to the defendant's first motion, to dismiss the complaint or for summary judgment, observes that insofar as reported cases are concern-

ed, the question of law raised by the pleadings appears to be one of first impression in this jurisdiction. Briefly stated, the issue of law is whether the three year District of Columbia statute of limitations or the one year Virginia statute of limitations applies in a case in the District of Columbia on a common law tort cause of action which arose in Virginia.

In any discussion in which the question to be resolved is whether the statute of limitations of the forum or that of the lex loci delicti applies in an action on a tort, it is essential that an immediate distinction be drawn between those tort claims of common-law origin, and those which are statute-created. 11 Am.Jur. p. 505, et ff. Since in this action the basis of the plaintiffs' claim is a common-law tort, those cases which involve the question as to what statute of limitations applies in actions on a statute-created right are not germane. Lewis v. Reconstruction Finance Corp., 1949, 85 U.S.App.D.C. 339, 177 F.2d 654; Moran v. Harrison, 1937, 67 App.D.C. 237, 91 F.2d 310, 113 A.L.R. 505.

The Court of Appeals of this jurisdiction has apparently never ruled on this precise question. Twice the Court of Appeals has generalized to the effect that a limitation on the time of suit is procedural and is governed by the law of the forum. Kaplan v. Manhattan Life Ins. Co. of New York, 1939, 71 App.D.C. 250, 109 F.2d 463; Wells v. Alropa Corp., 1936, 65 App.D.C. 281, 82 F.2d 887. However, neither of these involved tort actions.

The Kaplan case, supra, involved a suit on a life insurance policy payable to an adult and to certain minors. Suit was brought in the District of Columbia, although the policy was to be paid in New York. The New York limitation was six years, whereas the District of Columbia limitation was three years. The Court, speaking through Associate Justice Edgerton, held that "According to the established rule, a limitation on the time of suit is procedural and is governed by the law of the forum." 71 App.D.C. at page 253, 109 F.2d at page 465. The Wells case involved a suit in the District of Columbia on a contract (note) payable in Florida. The Court

ruled that "Although it is a Flordia contract, the statute of limitations of the forum where the suit was brought, namely, in the District of Columbia, controls, regardless of whether or not recovery would be barred in the state in which the cause of action arose." 65 App.D.C. at page 282, 82 F.2d at page 888.

The principle of law applied in the last two aforementioned cases is clearly and concisely set forth in 11 Am.Jur. p. 505: "It is a universal principle that the forum governs the limitation of actions within its borders and that laws controlling limitations are part of the law of every forum. Such laws, subject to exceptions which are discussed hereinafter, are universally held to affect the remedy; and therefore, in the absence of a statute of the forum changing the rule, the statutes of limitation of the place where the action is brought and the remedy sought to be enforced, and not those of the place where the contract was made, the right in tort arose, or the plaintiff resides, or of the domicil of one or the other of the persons affected by the litigation, control in the event of a conflict of laws. In short, the lex fori determines the time within which cause of action shall be enforced."

█ The Virginia statute, it may be noted, does not destroy the cause of action, but merely bars the bringing of the action after the statute has run. Title 8–24, Vol. 2, Code of Virginia, 1950, page 27.

This Court rules that in an action in the District of Columbia to recover for a common law tort which occurred in Virginia, the three year District of Columbia limitation applies, and the defendant's motion to dismiss is accordingly denied.

█ The Court, in addressing itself to the defendant's motion for change of venue, recites the following salient facts. Plaintiffs are residents of Bethesda, Md. The defendant is located at Sumter, South Carolina. The cause of action arose at Groveton, Virginia, which is near Alexandria, Virginia. Four of the seven doctors which the plaintiffs plan to call as witnesses reside in the District of Columbia, whereas only one is a Virginia physician. Defendant suggests that plaintiffs should have brought

684

this suit in the Federal District Court in Alexandria. As far as the doctrine of forum non conveniens is concerned, it is apparent that there is little difference between suing in Alexandria and suing in the District of Columbia. It may be well to note that plaintiffs have no cause of action in Virginia as the statute of limitations has run.

The Court concludes that there is no substantial hardship imposed upon the defendant in this case by this Court's taking jurisdiction of the plaintiffs' claim. The Court respects the basic prerogative of the plaintiffs, within the limitations of the doctrine of forum non conveniens, to select the forum in which they will bring their cause of action. The defendant's motion for change of venue is denied.