**Lawrence M. SIGLER, Plaintiff,**

v.

**MT. VERNON BOTTLING COMPANY, a corporation, Defendant.**

Civ. A. No. 3686–55.

United States District Court
District of Columbia,
Civil Division.

Jan. 23, 1958.

Herman Miller, Washington, D. C., for plaintiff.

Claire O. Ducker, Sr., and Louis N. Nichols, Washington, D. C., for defendant.

PINE, District Judge.

This is a motion to enter judgment for plaintiff in the amount claimed by him, in lieu of judgment entered for defendant by direction of the Court.

■ The action is on an unpaid promissory note made by defendant corporation to the order of plaintiff's assignor, the note being received by plaintiff not in due course. The issue raised is whether the note is or is not a sealed instrument within the meaning of the statute of limitations. If it is, judgment should be in favor of the plaintiff; if it is not, judgment should be in favor of defendant. This issue is one for the Court's determination, and is not a jury question. Jacksonville, Mayport, Pablo R. & Nav. Co. v. Hooper, 160 U.S. 514, 515, 16 S.Ct. 379, 40 L.Ed. 515; Brown v. Commercial Fire Insurance Co., 21 App.D.C. 325; Federal Reserve Bank of Richmond v. Kalin, 4 Cir., 81 F.2d 1003. Where a seal is used the intention of the maker is controlling and is to be determined by the Court from an examination of the instrument itself. See citations *supra*.

■■ The note herein was signed by defendant and its corporate seal impressed over a portion of its name. Its validity and negotiability are not affected by the fact that it bears a seal (Sec. 28–107, D.C.Code 1951), and these questions are not involved. The point for decision is the intention of the maker in causing its seal to be impressed on the note. Looking at the instrument itself, as I am enjoined to do, I find that it does not contain the words "signed and sealed" or words of similar import. If present, such words would be strongly indicative of an intention to create a specialty. Their absence is equally indicative of a contrary intention where, as here, a corporate seal is involved. Next, I find that a printed form of note in general use was utilized, but not one which contained the word "(Seal)" after

the space for signature. This is indicative that a specialty was not intended by the maker, just as the use of a form containing the word "(Seal)" would indicate otherwise. Next, the note was made by a corporation and not an individual. The latter requires no seal for identification or as a mark of genuineness, which would be appropriate for a corporation. The presence of a seal, therefore, (either written or contained on the form used) has a connotation of intention to create a sealed instrument in the case of an individual which is not found in the case of a corporation using its own corporate seal. In the latter case, if the corporation-maker wishes some form of identification and genuineness on the note, its seal is a convenient form for that purpose. Furthermore, it is desirable, if not imperative, that a note be so drawn as to leave no doubt that the maker is the corporation bearing the name signed thereon and not someone trading thereunder. By reason of the foregoing circumstances, I am of the opinion that the intention of the maker was not to create a specialty with its attendant liability for twelve years, but that the seal was impressed for identification and as a mark of genuineness, and also to give certain knowledge that the note was an obligation of the corporation and no one else. This opinion is in accord with that expressed in Brown v. Commerical Fire Insurance Co., 21 App.D.C. 325, where the Court held that the affixing of a seal alone in the case of a corporation is a "mere mark of genuineness and nothing more".

Plaintiff cites Federal Reserve Bank of Richmond v. Kalin, supra, 4 Cir., to the contrary. That case did not involve a corporate seal but the word "(Seal)" opposite the signature of the maker. However, if its purport be regarded as contrary to the view entertained by me, it is an example of the diversity of opinion which exists in various jurisdictions on the question here involved. I am controlled by the Court of Appeals of this Circuit; but if the Brown case, supra, is distinguishable from that before

me because it differs factually I feel that, if not controlled, at least I should be guided by the expression of its opinion above set forth.

Plaintiff also relies on the case of Wells v. Alropa Corporation, 65 App.D.C. 281, 82 F.2d 887, where the Court held in a suit on a note that the words "signed and sealed" are not necessary to make it a sealed instrument. But that case dealt with the note of an individual and not of a corporation, and there the note was a form with the word "(Seal)" printed at the right in line with the maker's signature. These facts distinguish the case from the present one where the maker is a corporation and not an individual and the note does not have on it the printed word "(Seal)" on the form of note used, as hereinabove discussed.

For these reasons and the reasons set forth in the oral opinion given by the Court at the time the jury was directed to return a verdict in favor of the defendant, I conclude that it was not the intention of the maker to create a sealed instrument giving the plaintiff the benefit of a twelve-year statute of limitations, without which the note is barred, and that therefore the motion herein should be denied.