Lawrence M. SIGLER, Appellant,

v.

MT. VERNON BOTTLING COMPANY, Inc., a corporation, Appellee.

No. 14393.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 16, 1958.

Decided Oct. 30, 1958.

---

Mr. Herman Miller, Washington, D. C., for appellant.

Mr. Claire O. Ducker, Sr., Washington, D. C., with whom Mr. Louis N. Nichols, Washington, D. C., was on the brief, for appellee.

Before FAHY, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

This action is on an unpaid promissory note made by the appellee corporation to the order of appellant's assignor, the note having been received by appellant not in due course. The defense raised is the statute of limitations[1] and the issue is whether the note is a sealed instrument. If it is a sealed instrument, it is not barred by the statute of limitations; if it is not a sealed instrument, it is so barred. The District Court ruled[2] that the note was not a sealed instrument and judgment was entered for the appellee.

The note was signed "Mount Vernon Bottling Co. By Andrew G. Kavounis, Sec.-Treas." and the corporate seal was impressed through the name of the corporation and that of the secretary-treasurer. The instrument was on a printed stationer's form headed "Promissory Note." Nowhere does the word or symbol "Seal" or "L.S." appear; nowhere is there a recital that the instrument is "signed and sealed." The District Court ruled that whether the note was or was not a sealed instrument was a question for determination by the court and not by the jury, and that where a seal is used the intention of the maker is controlling and is to be determined by the court from an examination by the court of the instrument itself. Jacksonville, Mayport, Pablo Ry. & Nav. Co. v. Hooper, 1896, 160 U.S. 514, 515, 16 S.Ct. 379, 40 L.Ed. 515.

An examination of the note leads us to conclude, as did the District Court, that under the circumstances of this case "the intention of the maker was not to create

---

1. § 12–201, D.C.Code (1951), as follows: "No action shall be brought * * * on any * * * instrument under seal after twelve years after the accruing of the cause of action thereon; nor upon any simple contract, express or implied, * * * for the recovery of damages * * * after three years from the time when the right to maintain any such action shall have accrued. * * *"

2. D.C., 1958, 158 F.Supp. 234.

a specialty with its attendant liability for twelve years, but that the seal was impressed for identification and as a mark of genuineness, and also to give certain knowledge that the note was an obligation of the corporation and no one else." [158 F.Supp. 236.] Cf., Brown v. Commercial Fire Ins. Co., 1903, 21 App.D.C. 325; Clark v. Read, 1898, 12 App.D.C. 343.

It follows that the judgment of the District Court must be affirmed.

Affirmed.