George W. THOMPSON and Mary Thompson, his wife,

v.

PILOT FREIGHT CARRIERS, INC.,

v.

George W. THOMPSON, Third-Party Defendant.

Civ. A. No. 29603.

United States District Court
E. D. Pennsylvania.

Dec. 27, 1962.

Stephen M. Feldman, Joseph G. Feldman, Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

This action, which arises out of a motor vehicle collision on a public highway in North Carolina, is before us on defendant's motion for transfer to the United States District Court for the Eastern District of that State, under 28 U.S.C. § 1404(a):

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Plaintiffs are citizens of Pennsylvania, and reside in Philadelphia. Defendant is a North Carolina corporation with its principal place of business there.

The collision occurred in the vicinity of Rocky Mount, within the Eastern District of North Carolina.

From the supporting and opposing affidavits it is apparent that all prospective witnesses to the collision and its attendant circumstances, except plaintiffs and Rose Foster, a relative, are amenable to service of process in North Carolina.

Members of the Hutchinson family, who are listed as witnesses, have also instituted suit in the District Court for the Eastern District of North Carolina, against both the husband-plaintiff and the defendant for damages arising from the same collision.

It further appears that, following the accident, plaintiffs were hospitalized in Rocky Mount, for two days, and were attended there by local physicians.

Finally, of course, the substantive law of North Carolina determines the rights of the parties.

These factors, if they stood alone, might well impel a transfer, notwithstanding the consideration due plaintiffs' choice of forum. It is our view, however, that the character and extent of plaintiffs' injuries, and the nature and extent of the medical and hospital treatment which plaintiffs received in this District, would make a transfer unjust.

The husband-plaintiff suffered, inter alia, fractures of the left ulna and the left fibula, and of the "greater trochanter of left femur." It appears from the plaintiffs' affidavit that the fracture of the ulna, at least, was followed by serious complications. He was confined to the Germantown Hospital for about three weeks, and received treatment at the clinic over a period of almost six months. He was treated at Germantown Hospital by five physicians and specialists.

Husband-plaintiff was also confined later to the Albert Einstein Medical Center for about ten days, under the care of two other physicians. In addition, he received treatment at a dental clinic over a period of four months for fracture of the facial bones.

The wife-plaintiff sustained a fracture of the ulna, among other injuries. She was confined to the Germantown Hospital for fifteen days, under the care of three physicians, only one of whom also treated the husband-plaintiff.

It is asserted that the medical testimony will show that the husband-plaintiff suffered serious permanent injuries.

We think it apparent that the medical aspects of the case will play a large part at the trial. The nature, character and extent of the physical injuries involved, and the hospital and medical treatment administered, as well as the number of medical experts whose testimony may be required, make it impracticable to attempt adequately to present this phase of this case on depositions. We think the "interest of justice", all things considered, requires the denial of defendant's motion. As Chief Judge Gourley stated in Padgett v. Atlantic Greyhound Corp., D.C., 126 F.Supp. 124, at p. 125:

"In view of the fact that plaintiffs reside in Pittsburgh, and plaintiff's medical testimony and hospital records are confined to the Pittsburgh area, and in view of the evident fact that a crucial issue for determination must necessarily evolve about the degree and character of the injuries sustained, I must find that the weight of the equities preponderate in favor of retaining venue in the Western District of Pennsylvania."

See, also, Belair v. New York, N. H. & H. R. Co., 88 F.Supp. 572 (S.D.N.Y. 1950); Bell v. Kelly Motor Lines, 95 F.Supp. 682 (Dist.Col.1951); Cline v. New York Central Railroad Company, 192 F.Supp. 206 (N.D.Ohio, E.D.1961).